# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-1003V
Filed: May 5, 2017
UNPUBLISHED

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
VINCENT M. CUSIMANO,                *
                                    *
            Petitioner,             *
v.                                  *
                                    *   Attorneys' Fees and Costs;
SECRETARY OF HEALTH                 *   Special Processing Unit ("SPU")
AND HUMAN SERVICES,                 *
                                    *
            Respondent.             *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Douglas Robert Plymale, Plymale Law Firm, New Orleans, LA, for petitioner.*
*Ann Donohue Martin, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On October 16, 2014, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act").  Petitioner alleged that he suffered Guillain-Barre Syndrome ("GBS") as a result of his October 5, 2011 influenza ("flu") vaccine.  On July 11, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' Stipulation.  (ECF No. 32).

On January 9, 2017, petitioner filed a motion for attorneys' fees and costs.  (ECF No. 37).  Petitioner requests attorneys' fees in the amount of $45,417.50[3] and attorneys'

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] This amount represents fees incurred as followed: by counsel of record, Douglas Plymale of $32,977.50, by Mr. Plymale's co-counsel, Pam Lolan of $10,815.00, and by Mr. Plymale's paralegal of $1,625.00. (ECF no. 37-1 at 1-2).

costs in the amount of $18,986.85[4] for a total amount of $64,404.35.  *Id.*  In accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses. *Id.*

On January 17, 2017, respondent filed a response to petitioner's motion.  (ECF No. 38).  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Additionally, he "respectfully recommends that the [undersigned] exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for several reasons.

First, petitioner requests compensation for a number of billing entries for paralegal work at an attorney rate.[5]  Attorneys may be compensated for paralegal-level work, but at a rate that is comparable to what would be paid for a paralegal.  *See, e.g. Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. HHS.*, 99-382V, 2009 WL 3319818, *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. HHS.*, No. 99-535, 2008 WL 5747914, *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

The undersigned finds at least 11.9 hours of billed time by petitioner's counsel of record, Douglas R. Plymale, represents paralegal work, and not attorney work.[6]  The undersigned also finds at least 4.7 hours[7] of billed time by Mr. Plymale's co-counsel,

---

[4] This amount represents fees incurred as followed: by counsel of record, Douglas Plymale of $17,962.55, and by Mr. Plymale's co-counsel, Pam Lolan of $1,024.30. (ECF No. 37-3 at 2).

[5] For example: 10/27/2014 "Draft, review & file Exhibit List; compile, page number, and label exhibits, and burn CD;" 12/19/2014 "Draft, review & file Exhibit List Amended;" "12/19/2014 "Draft, review & file Additional Documentation;" 12/19/2014 "Draft, review & file Additional Documentation by Vincent Cusimano, Medical Records;" 7/7/2015 "Organization of all client's records, including invoices, insurance policies and bills." (ECF No. 37-2 at 4-6).  The undersigned notes that these are just a few examples of the billing entries in this claim which reflect paralegal work billed at the attorney rate.

[6] The undersigned notes that the 11.9 hours of time representing paralegal work billed at the attorney rate by Mr. Plymale was for work performed subsequent to April 2014 and was billed at the hourly rate of $350.

[7] This amount includes 2.5 hours billed on 12/5/2012 to "[r]eceive, review, download & scan Touro medical records. Research Dr. McQueen's notes on vaccine."  (ECF No. 37-2 at 9).  The undersigned finds that this entry is unclear as the time spent on the various tasks is not separated and both paralegal and attorney work is detailed. Therefore, this billed time is reimbursed at the paralegal rate.

Pam B. Lolan, represents paralegal work. The undersigned reduces Mr. Plymale's fees by $2,677.50, and Ms. Lolan's fees by $1,057.50, for a total reduction in petitioner's attorneys' fees request of $3,735.00 for paralegal work billed at an attorney rate.[8]

Second, petitioner requests compensation for at least .7 hours of clerical and administrative work by Mr. Plymale which is not compensable as it is considered administrative overhead.[9] *See, e.g. Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (legal assistant services that were "primarily of a secretarial and clerical nature . . . should be considered as normal overhead office costs included with the attorneys' fee rates"); *Mostovoy*, 2016 WL 720969, at *5. The undersigned reduces Mr. Plymale's fees by .7 hours, or $245.00, for attorney time billed for administrative tasks.[10]

Finally, the undersigned notes that petitioner's counsel billed for tasks performed by both Mr. Plymale and Ms. Lolan. The work performed by co-counsel is duplicative of that performed by counsel.[11] *See, e.g. Turkupolis v. Sec'y of Health & Human Servs.*, No. 10-351V, 2015 WL 393343, at *6 (Fed. Cl. Spec. Mstr. Jan. 9, 2015) (petitioner's fees reduced "for duplicative meetings, editing, and review"); *Duncan v. Sec'y of Health & Human Servs.*, No. 99-455V, 2008 WL 2465811, at *4 (Fed. Cl. Spec. Mstr. May 30, 2008) (special master reduced the amount of compensable attorney time for work that was duplicated by senior and junior attorney). Accordingly, the undersigned eliminates

---

The undersigned notes that grouping multiple activities into single time entries is frowned upon and makes a line-by-line analysis nearly impossible. *See, e.g. Riggins v. Sec'y of Health & Human Servs.*, 99-38V, 2009 WL 3319818, *23-24 (Fed. Cl. Spec. Mstr. June 15, 2009). Attorneys are advised that "[e]ach task should have its own line entry indicating the amount of time spent on that task" and that "[l]umping together several unrelated tasks in the same time entry frustrates the court's ability to assess the reasonableness of the request." *Guidelines for Practice Under the National Vaccine Injury Compensation Program* at 68 (available on the court's website at http://www.cofc.uscourts.gov/sites/default/files/GUIDELINES-FOR-PRACTICE-4212016.pdf).

[8] This amount represents the difference between petitioner's counsels' rate of $350.00 per hour and petitioner's counsel's paralegal's rate of $125.00 per hour. Mr. Plymale: $4,165.00 ($350.00 x 11.9) minus $1,487.50 ($125.00 x 11.9) equals $2,677.50. Ms. Lolan: $1,645.00 ($350.00 x 4.7) minus $587.50 ($125.00 x 4.7) equals $1,057.50. The total difference ($2677.50 + $1,057.50) equals $3,735.00.

[9] For example: 10/7/2014 "Send by FEDEX to USCFC;" 10/8/2014 "Confirmed FEDEX shipment to USCFC." (ECF No. 37-2 at 4). The undersigned notes that these are just a few examples of billing entries in this claim which reflect administrative time billed by Mr. Plymale.

[10] This amount represents .7 hours of unreimbursable administrative time billed by Mr. Plymale billed at the rate of $350.00 per hour (his post April 2014 rate) for a total of $245.00.

[11] Mr. Plymale and Ms. Lolan each met with Mr. and Mrs. Cusimano on June 29, 2012 for 4 hours. (ECF No. 37-2 at 3, 9). Mr. Plymale and Ms. Lolan each also reviewed medical records from Ochsner on December 4, 2012 for 4.5 hours. (*Id.* at 3, 9.) Lastly, Mr. Plymale and Ms. Lolan each review records from Chateau Living Center on February 23, 2013 and February 6, 2016, respectively, for 2.5 hours. (*Id.* at 3, 10.)

11 hours of Ms. Lolan's billed time as duplicative of Mr. Plymale's billed time and reduces Ms. Lolan's fees by $3,850.00.[12]

Accordingly, as indicated above in total the undersigned reduces Mr. Plymale's fee request by $2,922.50, and reduces Ms. Lolan's fee request by a total of $4907.50, for a total reduction of $7830.00 in petitioner's attorneys' fees. The undersigned finds that the proposed attorney and paralegal rates are reasonable, and finds no reduction is necessary for the time billed by Mr. Plymale's paralegal.

The undersigned has also reviewed the costs submitted with petitioner's request and finds a reduction in the amount of costs to be awarded appropriate for two reasons.

First, Mr. Plymale seeks reimbursement of $276.00 for costs associated with admission to the bar of the U.S. Court of Federal Claims, which is not recoverable. (ECF 37-3 at 2). *See, e.g. Velting v. Sec'y of Health & Human Servs.*, No. 90-1432V, 1996 WL 937626, at *1-2 (Fed. Cl. Spec. Mstr. Sept. 24, 1996). The undersigned reduces petitioner's requested costs incurred by Mr. Plymale by $276.00.

Second, Mr. Plymale incurred a cost from Medical Records Online, Inc. ("MRO") on July 14, 2015 for the purpose of obtaining medical records. *Id.* Petitioner's counsel requested $105.24 for this cost. *Id.* However, the correct invoice was filed on April 20, 2017 and shows a charge amount of $104.00 rather than $105.24. (ECF 39-1; Informal Communication dated April 21, 2017). Accordingly, the undersigned reduces petitioner's request for costs, incurred by Mr. Plymale, by $1.24, for a total reduction in costs of $277.24.

Based upon the above analysis, a review of the costs, and the undersigned's experience, petitioner's application for attorneys' fees and costs is reduced by a total of $8,107.24.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). In sum, the undersigned finds that petitioners are entitled to reasonable attorneys' fees and costs as described above and awards petitioner attorneys' fees in the amount of $37,587.50[13] and costs in the amount of $18,709.61.[14]

---

[12] This amount represents 11 hours of time billed by Ms. Lolan, at the rate of $350 per hour, for work that was duplicative of work performed by Mr. Plymale. The undersigned has reduced Ms. Lolan's hours since Mr. Plymale is counsel of record and indicates he served as petitioner's "primary counsel." (ECF No. 37-1 at 2).

[13] This amount represents fees for petitioner's counsel of record, Douglas R. Plymale of $30,055.00, fees for Mr. Plymale's co-counsel Pam B. Lolan of $5,907.50, and fees for Mr. Plymale's paralegal of $1,625.00.

[14] This amount includes fees incurred by Mr. Plymale of $17,685.31 and fees incurred by Ms. Lolan of $1,024.30.

**Accordingly, the undersigned awards the total of $56,297.11[15] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Douglas Robert Plymale.**

The clerk of the court shall enter judgment in accordance herewith.[16]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[15] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[16] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.